Filed 5/13/21  P. v. Muro CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MARIO CARLOS MURO,<br><br>　　　Defendant and Appellant. | B307128<br><br>(Los Angeles County<br>Super. Ct. No. TA035502) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Affirmed.

　　　Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

————————————————

Mario Carlos Muro appeals from the trial court's denial of his Penal Code section 1170.95[1] petition. We affirm the court's order.

**FACTUAL AND PROCEDURAL BACKGROUND**[2]

1. *The murders and Muro's convictions*

In March 1996, Muro's brother-in-law sold Muro a Buick Regal automobile. On March 24, 1996, Richard Lopez and Michael Mahome were in Compton, seated in a van that was stopped at a red light. A Latino man stood next to the van and fired multiple shots into it, killing both Mahome and Lopez. The shooter fled on foot and jumped into the front passenger seat of Muro's Buick, which drove away. Muro called his brother-in-law and told him to report the Buick stolen.

Based on eyewitness identifications and other evidence presented at trial, either Muro or a codefendant, Israel Magana, could have been the shooter. Prior to trial, however, Muro testified that he, Magana, and three other persons were driving in his Buick. He was seated in the front passenger seat. When the group arrived at the intersection of Acacia and Alondra, Muro saw the victims, with whom he had previously " 'had problems.' " He exited the Buick, ran to the van, and fired the fatal shots. He confessed because he was " 'through already, you know. I'm already looking at time, you know, and it ain't right for an innocent man to get accused.' "

---

[1] All further undesignated statutory references are to the Penal Code.

[2] We derive the factual and procedural background partially from this court's unpublished opinion in Muro's direct appeal, of which we take judicial notice. (Evid. Code, § 451.)

In 1998, a jury convicted Muro of two counts of first degree murder (§ 187, subd. (a).) It found not true allegations that Muro personally used a firearm (§ 12022.5, subd. (a)) and that a principal was armed with a firearm (§ 12022, subd. (a)(1)). It found true a section 190.2, subdivision (a)(3) multiple murder special circumstance. The trial court sentenced Muro to life in prison without the possibility of parole. This court affirmed Muro's judgment in 2000 (*People v. Muro* (Jan. 14, 2000, B129659) [nonpub. opn.]), and the California Supreme Court denied review.

2. *Muro's Senate Bill No. 1437 petition*

After passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), Muro petitioned for relief pursuant to section 1170.95.[3] In a declaration and a memorandum of points and authorities attached to the petition, Muro averred that he was convicted under the felony-murder rule; he was not at the scene of the crime; he was not a major participant in the underlying felony who acted with reckless disregard for human life; and was not a direct aider and abettor who acted with the

---

[3]     Although captioned as a petition for writ of habeas corpus, it is clear from the substance of the petition and the attached documents that Muro was in actuality seeking relief pursuant to Senate Bill 1437 and section 1170.95. The parties and the trial court treated the petition as one for section 1170.95 relief, and we do the same.

To the extent, if at all, that Muro's petition also sought habeas relief on the grounds of actual innocence or the principles articulated in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, a trial court's denial of a habeas petition is not appealable. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 8; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986.)

intent to kill. He explained that he was arrested and charged with the murders in 1997, but the case was dismissed. He was thereafter arrested on unrelated "home [i]nvasion" charges. While incarcerated and awaiting trial, Magana—who had been charged with the murders—contacted him and asked for his help in getting the charges against him dismissed. Believing that he was already facing a life sentence for the home invasion offense, and unaware that the murder charges could be refiled against him, Muro agreed. Thereafter, he falsely testified that he was the killer, and the jury convicted him of the murders.

The court appointed counsel for Muro on the section 1170.95 petition on September 20, 2019. On February 28, 2020, the People filed an opposition to the petition, asserting that Muro was not eligible for section 1170.95 relief because the jury was not instructed, and he was not convicted, under either a felony-murder or natural and probable consequences theory. In support of this contention, the People attached to their opposition the jury instructions given in the 1998 case. It does not appear that defense counsel filed a response.

On July 21, 2020, the trial court summarily denied the petition. Neither Muro nor the attorneys were present. The court concluded Muro was not entitled to relief as a matter of law because, assuming Muro was not the shooter, he nonetheless acted as a direct aider and abettor with the intent to kill; was a major participant in the crimes who acted with reckless indifference to human life; and he was not prosecuted under the felony-murder rule or the natural and probable consequences doctrine.

Muro filed a timely notice of appeal.

4

## DISCUSSION

After review of the record, Muro's court-appointed counsel filed an opening brief that raised no issues, and requested that this court follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. Appellant was advised that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. We have received no response.

The trial court properly denied Muro's petition. The jury instructions conclusively show he was either the actual killer, who acted with premeditation and deliberation, or was convicted of first degree murder based on a theory—direct aiding and abetting—that survives Senate Bill 1437's amendments to sections 188 and 189. "[P]otential relief under section 1170.95 extends only to those convicted of murder by operation of the natural and probable consequence doctrine or of felony murder. [Citation.]" (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, review granted Sept. 23, 2020, S263939.) Muro's jury was not instructed on either the natural and probable consequences doctrine or the felony-murder rule; therefore, he could not have been convicted based on either of those theories. (See *id.*, at p. 1055; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 8, 2020, S262481; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138, review granted Mar. 18, 2020, S260598.) Senate Bill 1437 did not alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons "necessarily 'know and share the murderous intent of the actual perpetrator.' [Citations.] One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law." (*People v. Lewis*, at p. 1135; *People v. Soto,* at p. 1057.)

We have examined the record and are satisfied that Muro's attorney has fully complied with the responsibilities of counsel and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende* (1979) 25 Cal.3d 436, 441–442.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.

6